1

2                      **UNITED STATES DISTRICT COURT**

3                              **DISTRICT OF NEVADA**

4                                        **\*\*\***

5   FNBN-RESCON I, LLC,

6                      Plaintiff,                    2:11-cv-01867-GMN-VCF

7   vs.                                              Consolidated with 2:11-cv-1868-LRH-GWF

8   JOHN A. RITTER, *et al.*,                        **ORDER**

9                      Defendants.                   [Plaintiff's Emergency Motion for Protective
                                                     Order Staying Discovery on the Issue of Liability
10                                                   Pending a Ruling on Plaintiff's Motion for
                                                     Summary Judgment (#48)]

11

12          Before the Court is Plaintiff's Emergency Motion for Protective Order Staying Discovery on the

13   issue of Liability Pending a Ruling on Plaintiff's Motion for Summary Judgment (#48).  Defendant filed

14   a Response (#52).  No reply was filed.  On May 7, 2013, this Court entered a Minute Order (#50)

15   temporarily staying discovery pending resolution of Plaintiff's Emergency Motion.

16          **A.  Emergency Motion for Protective Order**

17          Plaintiff seeks a protective order staying discovery on the issue of Defendants' liability –

18   including, but not limited to staying responses to discovery requests served on April 3, 2013, - pending

19   resolution of its Motion for Summary Judgment (#42).  Plaintiff argues that because a ruling in

20   Plaintiff's favor on the Motion for Summary Judgment will most likely establish Defendants' liability as

21   a matter of law, Liability Discovery is unnecessary in this case and that the only factual issue to be

22   resolved to establish damages will be the fair market value of the property at issue at the time of the

23   Trustee's Sale.

24   ///

25   ///

**B.  Response to Emergency Motion for Protective Order**

Defendants' Response (#52) argues that Discovery must not be stayed because, "one of the very basis upon which Defendants' oppose Stearns' Motion was pursuant to Fed. R. Civ. P 56(d), because this discovery was necessary to develop a number of the Defendants' additional defenses to Stearns' claims." *Id.* at 2.

**C.  Discussion**

Under FRCP Rule 56(d), a party requesting additional time to conduct discovery to oppose summary judgment "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir.2008). If the nonmovant does not satisfy these requirements, the Court may rule on summary judgment without granting additional discovery. *Id.*

Defendants' response incorporates by reference their Response to Plaintiff's Reply in Support of Motion for Summary Judgment (#51).  A review of the Response to Reply (#51), Defendants' Response to Motion for Summary Judgment (#44) and the April 4, 2013, Declaration of Thomas J Devore in Support of Defendants' Response to Plaintiff's Motion for Summary Judgment (#44-1), the material questions of fact requiring discovery may be categorized as follows:

1.     Evidence proving breaches by Plaintiff's predecessor in interest will provide a factual bases for a defense to Plaintiff's claims; and

2.     Evidence of the amount of consideration paid by Plaintiff to obtain the loan at issue will limit the amount of Plaintiff's recovery.

Plaintiff's Motion for Summary Judgment (#41 and #47) seeks rulings, as a matter of law, that these categories of evidence are irrelevant to a liability determination in this case.  As to the first category, Plaintiff relies on the Financial Institutions Reform, Recovery and Enforcement Act

1  ("FIRREA") 12 U.S.C § 1811 *et seq.* and an argument that the state law defenses advanced in opposition

2  to summary judgment are not available to guarantors.  As to the second category, the question raised is

3  one of amount of damages, not liability, and Plaintiff argues that Defendants' interpretation of the state

4  statute at issue is wrong as a matter of law.

5        In these circumstances, balancing the interests of and potential prejudice to the parties, a stay of

6  liability discovery is appropriate.

7        IT IS HEREBY ORDERED that Plaintiff's Emergency Motion for Protective Order Staying

8  Discovery on the Issue of Liability pending a ruling on Plaintiff's Motion for Summary Judgment (#48)

9  is GRANTED.

10       IT IS FURTHER ORDERED that discovery on the issue of Defendants' liability, including but

11  not limited to Discovery requests served by Defendants on April 3, 2013, is stayed.  Within 14 days after

12  the District Judge rules on the Motion for Summary Judgment (#42), but not later than December 16,

13  2013, the parties shall file a joint status report regarding this case.

14       IT IS FURTHER ORDERED that all discovery not stayed by this order must be completed by

15  July 29, 2013, the Joint Pretrial Order will be due 30 days after the District Judge rules on the Motion

16  for Summary Judgment (#42).

17       DATED this 19th day of June, 2013.

18                                                                    _____

                                                                     CAM FERENBACH

19                                                                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25